THE PEOPLE, PLAINTIFF AND RESPONDENT, v. ORTIZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for an Electoral Offense.

No. 773.—Decided March 25, 1915.

DISQUALIFICATION OF JUDGE—ORDER TO FILE NEW INFORMATION.—The fact that the information had been prepared by order of a judge after he had rendered judgment acquitting the defendant because he was not guilty of the offense charged but of another, or that the witnesses who testified at the former trial would again testify at the new trial, is no reason why the judge should declare himself disqualified.

CHANGE OF VENUE—PREJUDICE—CONVENIENCE OF WITNESSES.—When there is prejudice or the convenience of the witnesses requires a change of venue, the question should be raised by a motion to transfer in conformity with sections 171 to 173 of the Code of Criminal Procedure.

INFORMATION—ORDER TO FILE NEW INFORMATION.—When at the trial there is evidence showing that the defendant is not guilty of the crime charged but of another, the court may order that another information be filed.

ID.—FORMER JEOPARDY—REGISTERING WHILE UNDER AGE—REGISTERING UNDER FALSE NAME.—In this case the defendant was acquitted on the charge of having registered being under age and the judge ordered another information to be filed charging that he had registered under the name of another. Defendant pleaded former jeopardy and it was held that the two charges were entirely different.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for The People.

*Mr. Angel A. Vázquez* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant was convicted of a violation of a section of the Penal Code relating to elections, in that he registered in the name of Tomás Ortiz Lebrón when he had no right to such registration, Tomás Ortiz Lebrón being the name of a deceased brother and not the name of the defendant. The appeal presents three assignments of error.

The first error is that the Judge of the District Court of Mayagüez refused to declare himself disqualified to try the case. The question was raised in the court below by a so-called "motion of jeopardy" wherein the defendant, as a first ground, alleged that the information in the present case had been prepared on the order of the district judge at the time when the said judge had rendered a judgment acquitting the said defendant of having registered, being under age; and, as a second ground, that the same witnesses who took part in the former trial were the prosecuting witnesses in the pending trial, and that the court knew the statements that the witnesses would make, as such statements were the basis of the order requiring the *fiscal* to present another information.

We agree with the *fiscal* that none of the grounds of disqualification set forth in section 23 of the Code of Civil Procedure existed, and that the existence of anything like prejudice or the convenience of witnesses should have been raised by a motion to transfer. Such a motion should be sworn to, noticed to the other side and presented before the trial—all in conformity with sections 171 to 173 of the Code of Criminal Procedure as amended by the law of March 10, 1904. There was no compliance with these formal requirements.

Moreover, there was no showing of prejudice. The mere fact that the judge knows what the prosecuting witnesses said in another case does not prove prejudice. Nor does the fact that the *fiscal* was ordered by the judge to prosecute.

There was not the slightest attempt, by affidavit or otherwise, to show that the judge had a bias or that he could not properly weigh the issue between the Government and the defendant on proof to be presented. When at the trial there is evidence showing that the defendant is not guilty of the crime charged but of another, the normal thing for the judge to do is to order another information. Code of Criminal Procedure, section 256.

The second ground of error is that the court did not properly weigh the defense of former jeopardy. The defendant filed no special plea of former acquittal, as is necessary, but it is very evident that the charge of having registered, being a minor, is totally different from the charge of having impersonated another.

The third ground of error is the insufficiency of the proof. The appellant says that there is no question of the conflict of proof. There was testimony of witnesses tending to show that the defendant was not Tomás Ortiz Lebrón, and that Tomás Ortiz Lebrón had died several years before; that Tomás Ortiz Lebrón and the defendant were brothers, and that the defendant was known as and called Juan Ortiz Lebrón. There was oral testimony identifying the defendant as the person who registered as Tomás Ortiz Lebrón. There was some proof tending to show that the defendant was also known to some persons as Juan Tomás, but this proof did not destroy the proof of the impersonation by the defendant of his dead brother.

The defendant objected to a certificate issued by the Supervisor of Elections tending to show that Tomás Ortiz Lebrón was the name that appeared in the registry. While we are inclined to think that the supervisor might be the proper person to make such certificate, yet the objection could not prevail, as the only ground thereof was that the certificate had nothing to do with the case and not that the supervisor was not the proper person to make it. Furthermore,

as the fact of the wrong registry had been proven otherwise, the error under the facts of this case was harmless.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.